IN RE TRUST CREATED BY KATHERINE B. WARNER.
H. DAVID WARNER v. HAROLD L. WARNER.

110 N. W. (2d) 100.

June 30, 1961—No. 38,267.

*Maslon, Kaplan, Edelman, Joseph & Borman* and *Hyman Edelman,* for appellant.

*Faegre & Benson, John C. Benson, Paul J. McGough, George D. McClintock, Jr.,* and *G. Alan Cunningham,* for respondent.

PER CURIAM.

This is a motion to dismiss a part of the appeal in the above matter and to continue the hearing on the balance thereof until the disposition of a collateral matter in the district court.

In 1929, an inter vivos trust was created by and between Katherine B. Warner, trustor, and her then husband, Harold L. Warner, and Warner Holding Company as trustees. The company subsequently ceased to be a trustee, and Harold L. Warner became sole trustee. Harold L. Warner and Katherine B. Warner, who have since been divorced, are the life tenants of the trust. Their children and grandchildren are remaindermen.

The principal asset of the trust was and is the beneficial ownership of the capital stock of Warner Holding Company, a corporation engaged in the business of owning and operating several large apartment buildings and other investment properties. A detailed history of the trust may be found in Doerr v. Warner, 247 Minn. 98, 76 N. W. (2d) 505. Subsequent to the litigation involved in that decision, Harold L. Warner resigned as trustee, and his son, H. David Warner, was appointed successor trustee on August 28, 1956, and is still acting in that capacity.

In 1958, the account of the trustee for the period from August 28, 1956, to December 30, 1957, including the trustee's supplemental account of Warner Holding Company for the period from August 28, 1956, to April 30, 1958, was settled by an order of the court. In that order, the court permitted the trustee, for trust purposes, to take a depreciation deduction of 2½ percent on the original cost of apartment buildings held and owned by the company. No appeal was taken from that order. In a settlement of the account for the subsequent year, a

similar deduction was taken for depreciation. The present appeal is from the order settling the 1958 account.

It is now the contention of respondent, the moving party herein, that the order of the trial court settling the 1957 account and permitting a deduction for depreciation in the amount of 2½ percent was a final adjudication of that matter and that it may not now be raised on this appeal with respect to the 1958 account. For that reason, respondent moves that the part of the appeal involving the allowability of depreciation in the 1958 account be dismissed.

Ordinarily, on a motion to dismiss an appeal or a part thereof this court will not consider the merits of the appeal.[1] Dismissal of an appeal determines that there is no right of review or that there is want of jurisdiction on the part of the court and that for some reason the appeal does not lie. It appears to us here that the merits of the controversy with respect to the propriety of allowing a deduction for depreciation for trust purposes may be involved in the appeal and, if so, should be determined after a full hearing on the merits. For that reason, the motion to dismiss is denied.

In computing the income tax for the company, a deduction for depreciation of 4 percent of the cost of the buildings was taken. Upon learning that a depreciation deduction of 2½ percent had been permitted by the court for trust purposes, the Internal Revenue Service refused to allow a deduction in a greater amount for income tax purposes. Upon advice of counsel, the trustee thereupon agreed to pay the additional Federal income taxes when assessed and instituted proceedings in the district court under Minn. St. 501.35 for instructions as to whether to seek a refund of the additional tax so paid. Such proceedings are now pending in the district court.

In the settlement of the 1958 account the court permitted a reserve to be set aside for deferred income taxes which might have to be paid in excess of the depreciation allowed for trust purposes. It is now contended that, in view of the action of the Internal Revenue Service, any such reserve may be depleted or used in the payment of the ad-

---

[1] See, 3 Am. Jur., Appeal and Error, § 726; 5 C. J. S., Appeal and Error, § 1353.

ditional taxes assessed by the Federal government. The hearing on the proceedings for instructions, according to respondent's petition, was to have been held prior to June 1, 1961. It is contended that this appeal might become moot upon disposition of that matter or that it may be desirable to consolidate this appeal with any appeal taken from the court's order on the matter now pending therein. Accordingly, respondent now moves the court that the hearing on the pending appeal be deferred until after a disposition of the pending proceedings in the district court.

It appears to us that, in view of the fact that the court is now in recess and the present appeal will not be heard in any event until the fall of 1961, there is no necessity for granting this motion. The matter now pending in the district court will undoubtedly be disposed of prior to the time when this court again convenes and, if by that time an appeal has been taken from the decision of the district court and it seems expedient to consolidate the two hearings, a renewal of this motion or a motion for consolidation can then be made. It is therefore ordered that the motion to continue the case be denied without prejudice to the rights of respondent to renew the motion if it becomes necessary after a determination of the matter now pending in the district court.

Motion denied.