Mary Jennette VYSKOCIL, Appellant,

v.

Leonard VYSKOCIL, Respondent.

No. 48185.

Supreme Court of Minnesota.

April 6, 1979.

James H. Manahan, Mankato, for appellant.

Johnson, Berens & Wilson and Newton A. Johnson, Fairmont, for respondent.

Heard before ROGOSHESKE, KELLY, and TODD, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This appeal arises from an action filed in Blue Earth County to enforce a divorce decree entered in the same county in 1969. The district court dismissed the action for want of in personam jurisdiction and alternatively on the basis of full faith and credit. We do not need to reach these issues on this appeal since we are disposed to recognize the decisions of the courts of Massachusetts by reason of the doctrine of comity. We affirm the decision of the trial court for this reason.

The parties were married on January 27, 1962, at Winnetka, Illinois. A child, Leslie Aldred Vyskocil, was born to them on June 14, 1967. The parties instituted divorce proceedings which resulted in their agreement to a stipulation entered February 13, 1969, where it was agreed *inter alia*: that plaintiff would have custody of the child, that defendant would pay $660 per month alimony unless plaintiff should remarry, in which case defendant would pay $250 per month as child support. Additionally, the stipulation provided that plaintiff should receive as additional alimony one-third of any increase in defendant's compensation. Further, the defendant was to reimburse her for any extraordinary medical or dental expenses in excess of $50.

This stipulation was incorporated into an order for judgment of divorce entered on June 13, 1969, in Blue Earth County.

Subsequently, the plaintiff moved to Colorado and the defendant moved to Massachusetts. In August 1975, plaintiff filed an action in Massachusetts asking that defendant be held in contempt for not complying with the decree of divorce. In that action, plaintiff contended that the stipulation and decree required defendant to pay one-third

of the increase in gross compensation, rather than the one-third of net compensation which he had been paying. Plaintiff additionally urged that defendant was in contempt for failing to reimburse her for expenses in diagnosing and treating their daughter for a condition which plaintiff characterized as dyslexia, a diagnosis which defendant disputed. The Massachusetts probate court found adversely to plaintiff on all issues.

The plaintiff then filed a motion in the District Court of Blue Earth County, Minnesota, on the same grounds as those urged in the Massachusetts action. The defendant moved to dismiss the motion for the reason that he was not subject to the jurisdiction of the court and that even if there were proper jurisdiction, the action was barred by the Massachusetts decisions in probate court on the basis of res judicata and the full faith and credit clause of the United States Constitution.

The district court agreed with defendant and granted his motion to dismiss contempt proceedings. It is from that order that this appeal is brought.

Although the issues on appeal do not go to the merits of this case, i. e., whether or not the original divorce decree contemplated that the additional payments were to be computed on the basis of net or gross income, we cannot ignore the fact that this issue has already been litigated in the State of Massachusetts in a proceeding instituted by plaintiff in which she had full and ample opportunity to appear and pursue her claims. She voluntarily selected the forum in which to proceed and after she had lost her claim in the Massachusetts probate court, she wanted to relitigate the matter in the courts of this state. The suit commenced in Massachusetts was founded on proper jurisdiction and appears regular in all other respects and therefore we see no reason that we should not, on the basis of principles of comity, recognize the ultimate decision in that case. See, *State ex rel. Glasier v. Glasier*, 272 Minn. 62, 71, 137 N.W.2d 549, 556 (1965); *Doerr v. Warner*, 247 Minn. 98, 110, 76 N.W.2d 505, 514

(1956). Because of our holding, we do not need to reach the initial jurisdictional question nor the issue of full faith and credit and nothing in this decision should be interpreted as a reflection of our position on either of those matters.

The plaintiff appealed the decision of the Massachusetts probate court and we are advised was successful in securing a reversal. Whatever the ultimate decision may be by the courts of Massachusetts, we will accept and recognize that result.

Affirmed.

SHERAN, C. J., and OTIS, J., took no part in the consideration or decision of this case.