ON REHEARING
The original opinion is withdrawn and the following opinion is substituted therefor.
This appeal involves two issues:
1. The effect of federal removal statutes on Alabama appellate procedures.
2. The right of the widow of a deceased employee covered by Workmen’s Compensation to sue a co-employee of the deceased.
Plaintiff’s deceased husband was fatally injured in a ditch cave-in in Georgia while an employee of a contracting company which was installing a telephone conduit. The deceased employee was a resident of Jefferson County and his employee’s principal place of business was in Birmingham.
Plaintiff’s deceased husband was covered by workmen’s compensation and, as widow, she received the funeral expenses allowable under the act, and has been receiving payments as the dependent widow of the deceased from the workmen’s compensation carrier.
She filed suit in Jefferson Circuit Court against the telephone company (owner), her deceased husband’s employer (contractor), and Wayne Landrum and Dallas Reeves, co-employees of her late husband. She claimed that Landrum and Reeves had the right and duty to control the activity, manner and method in which her late husband performed work for his employer.
Landrum and Reeves moved for summary judgment based upon the 1975 amendments to Title 26, Section 312, Code 1940, now section 25-5-11, Code of Ala. 1975, granting immunity to co-employees from suit by an injured employee. The motion was granted on December 20, 1977, and the court entered a final judgment pursuant to Rule 54(b), ARCP. The telephone company filed a petition for removal to Federal District Court on January 18,1978. On January 23, 1978, plaintiff filed notice of appeal from the Rule 54(b) judgment.
Landrum and Reeves filed a motion to dismiss the appeal in this Court claiming that the removal petition, which was granted, divested the state court of jurisdiction. The Federal District Court subsequently remanded the case back to the circuit court, and appellant filed a motion for this Court to reconsider its prior order dismissing the appeal. This Court granted that motion to reconsider and reinstated the appeal.
MOTION TO DISMISS APPEAL
Should the appeal be dismissed? Appel-lees argue that since the notice of appeal was filed after removal to Federal Court, the notice was a nullity and of no force and effect because state courts lacked jurisdic-' tion over the case. They contend that since no new notice of appeal was filed after remand back to circuit court within 42 days, the time for appeal had expired. Rule 4, ARAP. We disagree.
*947 Assuming, without deciding, that the Federal Court did obtain jurisdiction over all parties to the cause upon the filing of the removal petition, the action resumed its position as though no removal had ever been attempted upon remand to state court. We agree with the holding of the Minnesota Supreme Court where Matson, J., opined:
“. . . It is well settled that jurisdiction once acquired by a state court is continuous though the case has been removed to the United States District Court and later remanded to the state court. The basic correctness of this rule becomes at once apparent if it is borne in mind that the order removing an action to a Federal court does not terminate the state court’s JURISDICTION but merely stays or interrupts proceedings in that court pending a disposal of the action by the Federal court.” Doerr v. Warner, 247 Minn. 98, 76 N.W.2d 505, 512 (Minn.1956).
Appellant’s notice of appeal was not void, it was merely stayed until the case was remanded to the state court. In other words, this Court’s jurisdiction to consider the appeal, stayed while the removal petition was being considered in the Federal Court, was immediately quickened again when the cause was remanded.
SUIT AGAINST CO-EMPLOYEES
The second issue involves the immunity provisions of Title 26, Section 312, Code 1940, as they pertain to actions against co-employees. The circuit court’s grant of summary judgment in favor of Landrum and Reeves on the basis of these Code sections was correct. Slagle v. Parker, 370 So.2d 947 (Ala.1979).
APPLICATION FOR REHEARING GRANTED; AFFIRMED; MOTION TO DISMISS APPEAL DENIED.
All Justices concur in Part I.
TORBERT, C. J., and MADDOX, J., concur in Part II.
BLOODWORTH, ALMON and SHORES, JJ., concur specially in Part II.
FAULKNER, JONES, EMBRY AND BEATTY, JJ., dissent, as to Part II.