The MINNESOTA MUTUAL LIFE
INSURANCE, et al., Respondents,

v.

Dayle ANDERSON, et al., Defendants,

Marlys Albrecht, Appellant.

No. C0-87-233.

Court of Appeals of Minnesota.

Aug. 11, 1987.

James Crassweller, Michael R. Docherty, Doherty, Rumble & Butler, Minneapolis, for respondents.

William R. Skolnick, Meshbesher, Singer & Spence, St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Marlys Albrecht appeals from an injunction enjoining her from pursuing a related lawsuit in Hennepin County. We affirm.

## FACTS

On June 18, 1986, appellant Marlys Albrecht began an action in Hennepin County against Sentry Life Insurance Company (Sentry) and ITT Life Insurance Corporation (ITT) by substitute service at the office of the Commissioner of Commerce. Service was actually received by ITT on June 20, and by Sentry on June 23.

Albrecht claimed the proceeds of several life insurance policies on the life of Dawn M. Anderson whose badly burned body was found in a burned tent at a campsite. All

of the policies named Robert Fletcher, a friend of Anderson's, as the beneficiary. Albrecht bases her claim on an alleged assignment by Fletcher. On June 20, 1986, Minnesota Mutual Life Insurance (MMI), one of Anderson's life insurance carriers, which was not sued in Hennepin County, began an interpleader action in Ramsey County against all four claimants to the proceeds of its policy, including Albrecht who was personally served on June 20, 1986.

The Minnesota Bureau of Criminal Apprehension (BCA) conducted an investigation of Anderson's death and discovered evidence implicating Robert Fletcher. On October 28, 1985, Fletcher's body was found by the St. Paul Police Department. His death was an apparent suicide.

Fletcher was a Ramsey County resident and in November 1985, the Ramsey County District Court, Probate Division took jurisdiction over Fletcher's estate. On March 10, 1986, a hearing for probate of a contested will and appointment of a personal representative was held in Ramsey County Probate Court. Albrecht, by counsel, was present as a claimant to the proceeds of Anderson's life insurance policies. The probate judge ruled that a handwritten document dated October 24, 1985, purporting to assign Robert Fletcher's interest in Anderson's insurance proceeds to Albrecht was not a valid testamentary disposition under Minnesota law. Robert Fletcher's brother William was appointed administrator of the estate. The court also took jurisdiction over a paternity action which seeks a determination that Robert Fletcher was the natural father of Ryan Matthew Paugh. The other claimant to Anderson's insurance proceeds is her mother Dayle Anderson, who is also the administrator of Dawn Anderson's estate.

In July 1986, ITT and Sentry began interpleader actions against all four claimants in Ramsey County District Court. ITT and Sentry filed separate answers to the Hennepin County actions, alleging a number of affirmative defenses, including the defense that Hennepin County lacked jurisdiction.

The cases commenced in Ramsey County by MMI, ITT and Sentry were consolidated. On December 31, 1986, Ramsey County District Court issued an injunction against further prosecution or institution of any suits against respondent insurance companies until resolution of the action in Ramsey County.

In November 1985, MMI sought access to the materials obtained by the BCA in the investigation of Anderson's death and obtained a protective order prohibiting the BCA from disposing, transferring or releasing any of these materials. On July 22, 1986, the Ramsey County court ordered the BCA to turn over the evidence, and ordered the clerk of court not to allow any of the parties access except by stipulation of all the parties, or until further order of the court.

Robert Fletcher and Dawn Anderson were residents of Ramsey County and their estates are being probated in Ramsey County. Albrecht is a resident of Washington County and apparently works in Ramsey County. Fletcher's brother William is from New Jersey. Ryan Paugh is a Ramsey County resident and Dayle Anderson lives in Mankato, Minnesota.

## ISSUE

Did Ramsey County district court violate principles of comity between courts and abuse its discretion in enjoining appellant from proceeding with her case in Hennepin County?

## ANALYSIS

When a court obtains jurisdiction over a case it has the authority to determine all relevant issues, and in exercising that power the court may restrain the prosecution of other suits raising the same issues until a final judgment is issued. *Doerr v. Warner*, 247 Minn. 98, 108, 76 N.W.2d 505, 513, *cert. dismissed*, 352 U.S. 801, 77 S.Ct. 20, 1 L.Ed.2d 37 (1956). The power is discretionary and exercise of the power depends to a significant degree on similarities between the litigation.

The parties must be the same; the issue must be the same; and *resolution of the*

*first action must be dispositive of the action to be enjoined.*

*Medtronic, Inc. v. Catalyst Research Corp.,* 518 F.Supp. 946, 955 (D.Minn.), *aff'd,* 664 F.2d 660 (8th Cir.1981) (emphasis added). The injunction is directed at the person of Albrecht and not the Hennepin County court. *See, e.g., Steelman v. All Continent Corp.,* 301 U.S. 278, 290–91, 57 S.Ct. 705, 710–11, 81 L.Ed. 1085 (1937). However, the injunction effectively stops the proceeding in Hennepin County. *Cf. Donovan v. City of Dallas,* 377 U.S. 408, 413, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964) (state courts cannot interfere with in personam proceedings in federal court by enjoining the person).

In general, when courts have concurrent jurisdiction, the first court to acquire jurisdiction has priority in considering the case. *Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121 (8th Cir.1985). In Minnesota the rule is:

"Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, *its power being adequate to the administration of complete justice,* retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, * * *."

*State ex rel. Minnesota National Bank of Duluth v. District Court,* 195 Minn. 169, 173, 262 N.W. 155, 157 (1935) (quoting 15 C.J. 1134) (emphasis added).

The "first to file" rule in comity consideration has exceptions. First of all, it is important to note that comity is not a rule of law but a principle. *Medtronic,* 518 F.Supp. at 955. It has been described as a "blend of courtesy and expediency." *Id.* In this case the issue, in part, is expediency.

The eighth circuit has indicated that the "first to file" rule

is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration.

*Orthmann,* 765 F.2d at 121 (citations omitted). In addition

a court should seek to determine which of the two actions will serve best the needs of the parties by providing a comprehensive solution of the general conflict.

*Hypro, Inc. v. Seeger-Wanner Corp.,* 292 F.Supp. 342, 344 (D.Minn.1968) (citations omitted). In addition to avoiding piecemeal litigation by providing a comprehensive solution, the court should take into consideration

factors of judicial economy, informal comity between courts, cost and convenience to the litigants, and the possibility of vexatious conflict and overlap of multiple determinations of the same dispute.

*Id.* at 345.

Convenience is not an issue in this case. All parties, except William Fletcher, are located in or close to Ramsey and Hennepin Counties. The choice of physical location in this case should make little difference to the corporate parties involved.

The interest of cost and judicial economy must be considered. It would be possible to add all the parties in the Ramsey County suit to the suit in Hennepin County. This would require some additional time and cost. However, the case in Ramsey County is further advanced than the case in Hennepin County and the Ramsey County court already has had several hearings and ruled on some issues. At the time of the injunction, only the complaint and answers had been filed in Hennepin County.

The most critical aspect of this case is the possibility of multiple litigation and conflicting results. If the injunction is found to be in error, litigation will proceed in both forums, clearly exposing some or all of the respondents to multiple litigation over the same proceeds. The purpose of Rule 22 interpleader is to resolve the claims of multiple claimants in one action. *See* Minn.R.Civ.P. 22. The proceeding should continue in Ramsey County because

all necessary parties already are involved in the Ramsey County case and because resolution of the issues in that forum will avoid multiple and conflicting results.

Additionally, Albrecht has indicated no prejudice which would result from trying the case in Ramsey County and no particular benefit to her in hearing the case in Hennepin County.

## DECISION

Because all parties are already in Ramsey County where the case has proceeded further, and because Ramsey County already has authority over potentially crucial evidence, we affirm the injunction.

Affirmed.