**STATE of South Dakota, Plaintiff and Appellant,**

v.

**John Jerald DALY, Defendant and Appellee.**

**No. 16719.**

Supreme Court of South Dakota.

Argued Feb. 12, 1990.

Decided April 18, 1990.

Rehearing Denied May 24, 1990.

John P. Guhin, Deputy Atty. Gen., Roger A. Tellinghuisen, Atty. Gen. (on brief), Pierre, for plaintiff and appellant.

Stanley E. Whiting of Whiting Law Office, Winner, for defendant and appellee.

MILLER, Justice.

Applying the doctrine of comity, we dismiss this appeal. In so doing, we conclude that the federal court has determined that appellee is an Indian for criminal jurisdictional purposes.

## FACTS

Defendant John Jerald Daly was originally charged in state court with three counts of second-degree burglary, in violation of SDCL 22-32-3. The offenses were alleged to have been committed in Todd County, South Dakota, within the boundaries of the Rosebud Sioux Tribal Reservation. He originally entered a plea of not guilty and not guilty by reason of insanity. Later, pursuant to a plea agreement, Daly changed his plea on one of the counts to guilty. The trial court accepted the guilty plea and ordered a presentence investigation. After completion of the presentence investigation, but prior to sentencing, the trial court heard Daly's motion to dismiss which was grounded on his claim that the state court lacked jurisdiction because he is an Indian.

Evidence at the hearing on the motion to dismiss discloses that Daly is an enrolled member of the Lumbee Tribe of North Carolina. State, although not disputing that Daly is a Lumbee Indian, asserts that it still has jurisdiction. State argues that Congress has specifically directed that "none of the statutes of the United States which affect Indians because of their status as Indians shall be applicable to the Lumbee Indians." 70 Stat. 254; An Act Relating to the Lumbee Indians of North Carolina, approved June 7, 1956. The trial court concluded that irrespective of the foregoing congressional act, Daly is an "Indian" within the meaning of 18 U.S.C.A. § 1153 and dismissed the criminal charges. On June 15, 1989, State appealed the order of dismissal to this court.

Later, Daly appeared before the United States District Court for the Central Division of South Dakota and pleaded guilty to one of the same burglaries which was involved in the state charges. By a judgment dated October 24, 1989, United States District Judge Donald J. Porter sentenced Daly to imprisonment for a term of forty-one months. He is currently incarcerated in some federal penal institution.

All of the arguments to this court have centered around the issue of whether a Lumbee Indian is an "Indian" as that term

is contemplated by 18 U.S.C.A. § 1153.[1] It was only through a passing comment and appendix to appellee's brief that we became aware of the federal prosecution for the same offense. At oral argument, State's counsel suggested that the federal judgment was not dispositive of the issue and urged and invited us to make a determination on the merits. For reasons which are stated below, we respectfully decline.

## DECISION

■ It is settled law that major crimes committed by an Indian within Indian country are matters of exclusive federal jurisdiction and states have no power over those crimes. *See, e.g., State v. Winckler*, 260 N.W.2d 356 (S.D.1977), and *Application of DeMarrias*, 77 S.D. 294, 91 N.W.2d 480 (1958). It is not disputed that this offense was committed in Indian country. The only issue is whether Daly is an "Indian" as contemplated by 18 U.S.C.A. § 1153.

■ Generally, the federal courts are the ultimate decision maker as to whether the federal, state or tribal courts have jurisdiction in a particular Indian law case. *United States v. Antelope*, 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977).

■ It is our belief that the federal court has, by the United States District Court assuming jurisdiction over defendant in accepting his plea and imposing judgment, assumed jurisdiction in this case. The plea of guilty admits all the elements of the criminal charge, and waives all challenges to prosecution either by direct appeal or by collateral attack, except challenges to the court's jurisdiction. *See O'Leary v. United States*, 856 F.2d 1142 (8th Cir.1988); *Mack v. United States*, 853 F.2d 585 (8th Cir. 1988). However, Daly's guilty plea admits

even those facts which form a predicate for federal jurisdiction, *i.e.*, that he is an Indian. *United States v. Mathews*, 833 F.2d 161 (9th Cir.1987).

Although a good argument may be made that the issues are not moot (for example, he may later challenge jurisdiction in a federal habeas corpus proceeding), we may, should and do hereby recognize the federal determination based on the doctrine of comity.[2] In *Mexican v. Circle Bear*, 370 N.W.2d 737 (S.D.1985), we adopted the following conditions precedent to the application of the doctrine of comity:

(1) The foreign court actually had jurisdiction over both the subject matter and the parties;

(2) The decree was not obtained fraudulently;

(3) The decree was rendered by a system of law reasonably assuring the requisites of an impartial administration of justice—due notice and a hearing; and

(4) The judgment did not contravene the public policy of the jurisdiction in which it is relied upon.

We conclude that the federal court's criminal sentencing of Daly meets all of the foregoing conditions.

We see nothing to be gained by reaching the jurisdictional issues raised by the State. Daly has admitted his criminal conduct and is currently serving time in prison for his activity. The federal court has assumed jurisdiction and we are recognizing that action under the doctrine of comity. No reasonable, useful purposes are apparent which require or compel us to expend further judicial resources in attempting to resolve a jurisdictional dispute which has been or must be ultimately resolved in the federal courts.

---

1. 18 U.S.C.A. § 1153 reads in salient part: "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, ... burglary ... within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

2. We recognize and agree with the principle propounded by our sister state of North Dakota that comity is not a rule of law and does not exist as a matter of right, but is merely a rule of practice and convenience and is fully in the discretion of the court. *Lohnes v. Cloud*, 254 N.W.2d 430 (N.D.1977). *See also State v. Meier*, 127 N.W.2d 665 (N.D.1964); *Dow v. Lillie*, 26 N.D. 512, 144 N.W. 1082 (1914), and *Minn. Mutual Life Ins. v. Anderson*, 410 N.W.2d 80 (Minn. App.1987).

For all of the foregoing reasons, the appeal is dismissed.

WUEST, C.J., MORGAN and HENDERSON, JJ., concur.

SABERS, Justice, dissents.

SABERS, Justice (dissenting).

The majority opinion carefully recites the four requirements for the application of the doctrine of comity, but fails to explain how the federal judgment in this case satisfies the requirements. Instead, the majority merely offers a cursory conclusion that the requirements were met: "We conclude that the federal court's criminal sentencing of Daly meets all of the foregoing conditions." Careful analysis demonstrates that the jurisdiction requirement is not met.

As we explained in *Mexican v. Circle Bear*, 370 N.W.2d 737 (S.D.1985), the doctrine of comity will not be applied to the judgment of a foreign court unless that court actually had jurisdiction over both the subject matter and the parties. Here, the federal court clearly was lacking in jurisdiction. The federal court can obtain subject-matter jurisdiction over Daly's burglary charge only if 18 U.S.C. § 1153 applies. That statute applies when an Indian commits a major crime within Indian country. However, the Lumbee Indian Act specifies that: "None of the statutes of the United States which affect Indians because of their status as Indians shall be applicable to the Lumbee Indians." 70 Stat. 255 (1956). Daly is a Lumbee Indian. 18 U.S.C. § 1153 affects Indians because of their status as Indians. Therefore, 18 U.S.C. § 1153 is not applicable to Daly, and the federal court lacks jurisdiction. Since the federal court does not have jurisdiction, only the state court has jurisdiction to prosecute this crime.