ST. PAUL SURPLUS LINES
INSURANCE COMPANY,
Respondent,

v.

MENTOR CORPORATION, Appellant,

Admiral Insurance Company,
Respondent,

United National Insurance
Company, Respondent.

Nos. C9–92–2559, C7–93–108.

Court of Appeals of Minnesota.

July 20, 1993.

Thomas P. Kane, Bethany K. Culp, Patrick D. McCoy, Oppenheimer Wolff & Donnelly, St. Paul, for St. Paul Surplus Lines Ins. Co.

David F. Herr, Mary R. Vasaly, James F. Hanneman, Maslon Edelman Borman & Brand, Minneapolis, L. Christopher Vejnoska, Brobeck, Phleger & Harrison, San Francisco, CA, for Mentor Corp.

Stephen J. Foley, Foley & Mansfield, Minneapolis, for Admiral Ins. Co.

Mark J. Condon, Robert E. Kuderer, Chadwick, Johnson & Condon, Minneapolis, for United Nat. Ins. Co.

Considered and decided by RANDALL, P.J., and SHORT and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant Mentor Corporation has been named as a defendant in lawsuits throughout the country as a result of Mentor's production of silicone gel breast implants. Respondent St. Paul Surplus Lines Insurance Company (SPSL) was one of Mentor's liability insurance carriers. Mentor filed a declaratory judgment action in Alameda County, California, seeking a determination of the rights and obligations of the parties under the insurance policies at issue. After Mentor filed its action in California, SPSL filed and served a declaratory judgment action in Ramsey County, Minnesota. After Mentor had been served with the summons and complaint in SPSL's Minnesota action, Mentor served SPSL with the summons and complaint for the California action. Mentor then moved to dismiss or stay the Minnesota action. This motion was denied, and Mentor sought discretionary review, which was granted.

While the petition for discretionary review was pending, SPSL moved to enjoin Mentor from continuing the California action. The trial court granted this motion, and Mentor appealed from the trial court's injunction order. The appeal and the grant of discretionary review have been consolidated.

## FACTS

Mentor is a Minnesota corporation which manufactures and sells various medical products. On March 30, 1984, Mentor acquired the Heyer–Schulte Division of American Hospital Supply Corporation, including Heyer–Schulte's breast implant manufacturing operations. A substantial portion of the breast implant manufacturing operations which Mentor acquired is located in California; none of Mentor's breast implant manufacturing operations is located in Minnesota.

SPSL is a surplus lines property and casualty insurance company which issues, among other things, general and products liability coverage. SPSL's headquarters and principal place of business are in St. Paul, Minnesota.

SPSL issued general liability insurance policies to Mentor. Respondents Admiral Insurance Company and United National Insurance Company also provided products liability coverage to Mentor.

In the latter half of 1991, Mentor began to receive notices of claims and lawsuits against it arising out of its breast implants. Mentor first notified SPSL of these claims in March 1992. The claims against Mentor were venued throughout the United States.

In June of 1992, Mentor and SPSL met in San Francisco, California to discuss defense of the claims brought against Mentor. SPSL agreed to defend Mentor under a reservation of rights on some claims and denied any duty to defend or indemnify on others.

On June 17, 1992, Mentor filed a declaratory judgment action in Alameda County, California, asserting SPSL is obligated to

defend and indemnify Mentor in the litigation over Mentor's breast implants.

On July 20, 1992, SPSL served a complaint for declaratory judgment on Mentor. This action, venued in Ramsey County, Minnesota, sought a declaration of the rights and obligations of the parties to the SPSL policies. SPSL filed the summons and complaint with the Ramsey County District Court on August 5, 1992.

Also on August 5, 1992, Mentor and SPSL entered into a standstill agreement staying further activity in the California and Minnesota actions. Mentor advised counsel for SPSL that pursuant to Alameda County Rule of Practice 4.2(1), Mentor was required to serve its complaint on SPSL within 60 days of filing the complaint. Mentor could avoid the 60–day rule if it obtained a "certificate of exception" and the court's permission.

Mentor's complaint in the California action named as defendants SPSL and "Does 1 through 100, inclusive." The complaint in SPSL's Minnesota action named only Mentor as a defendant. On September 25, 1992, the same day Mentor served the complaint in the California action on SPSL, Mentor filed its first amended complaint in the California action. The amended complaint, in addition to naming SPSL, also named Admiral, United National, eight other insurance companies which issued excess policies to Mentor and the California and New Jersey Insurance Guaranty Associations. This amended complaint was served on SPSL on September 28, 1992.

In October of 1992, by stipulation of the parties, SPSL amended its complaint in the Minnesota action to name as defendants Admiral Insurance Company and United National Insurance Company.

Mentor, asserting the Minnesota action unnecessarily duplicated a portion of the California action, moved to dismiss or stay the Minnesota action. Mentor also claimed that it had a contractual right to select the jurisdiction in which its dispute with SPSL would be litigated. The Ramsey County court denied Mentor's motion to dismiss or stay, determining the Minnesota court first obtained jurisdiction over both Mentor and

SPSL, Minnesota is not an inconvenient forum, Mentor will suffer no undue hardship by responding in Minnesota and the contractual clause requiring SPSL to submit to the jurisdiction of any court of competent jurisdiction did not prevent SPSL from bringing its own suit in a forum of its choice.

Meanwhile, SPSL moved the California court to stay or dismiss the California action. The Minnesota court issued its order refusing to dismiss or stay the Minnesota action before SPSL submitted its reply brief in support of its motion in California. The California court denied SPSL's motion and refused to grant a stay of the California action. SPSL petitioned for a writ of mandate from the California Court of Appeal for the First District seeking reversal of the California trial court's order. This petition was denied; SPSL has filed a petition for review with the California Supreme Court.

The parties then returned to Minnesota, where SPSL moved to enjoin Mentor from litigating in the California action the legal issues presented in the Minnesota action. The trial court granted that motion, concluding that as the first court to obtain jurisdiction, the Minnesota court was entitled to retain exclusive jurisdiction. After the trial court granted SPSL's motion to enjoin Mentor, this court granted Mentor's petition for discretionary review of the earlier order refusing to dismiss or stay the Minnesota action. Mentor subsequently appealed from the injunction order, and that appeal has been consolidated with the grant of discretionary review.

## ISSUES

I. Did the trial court abuse its discretion in refusing to dismiss or stay the Minnesota action?

II. Did the trial court abuse its discretion in enjoining Mentor from proceeding with the California action?

## ANALYSIS

### I.

■ Ordinarily, where two courts have concurrent jurisdiction, the first court to

acquire jurisdiction has priority to decide the matter. *Green Tree Acceptance, Inc. v. Midwest Fed. Sav. & Loan Ass'n*, 433 N.W.2d 140, 141–42 (Minn.App.1988).

As a general rule,

Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results.

15 C.J.S. at 1134, *quoted in State ex rel. Minnesota Nat'l Bank v. District Court*, 195 Minn. 169, 173, 262 N.W. 155, 157 (1935).

■ This general rule is inapplicable when the same cause of action is pending before courts which do not have concurrent jurisdiction, such as the courts of different states. *See A.E. Staley Mfg. v. Swift & Co.*, 84 Ill.2d 245, 50 Ill.Dec. 156, 160–61, 419 N.E.2d 23, 27–28 (1980); *State ex rel. General Dynamics Corp. v. Luten*, 566 S.W.2d 452, 458 (Mo.1978). When the same cause of action, involving the same parties, is before the courts of different states, the actions may proceed independently of each other. *White v. Toney*, 823 S.W.2d 921, 923 (Ark.App.1992); *Cotton v. Cotton*, 3 Ark.App. 158, 623 S.W.2d 540, 542 (1981). When such parallel litigation is proceeding in different states, the rules of res judicata will generally be applied with regard to the first suit to be concluded as against the suit still pending. *White*, 823 S.W.2d at 923.

■ One court, in its discretion, may stay the proceedings before it to allow the proceedings before the other court to continue. *See Dodge v. Superior Court*, 139 Cal.App. 178, 33 P.2d 695, 696 (1934). The

trial court's decision whether to stay the proceedings before it is reviewed under an abuse of discretion standard. *See Green Tree*, 433 N.W.2d at 141.

■ We find no abuse of discretion by the trial court in refusing to stay the Minnesota action. The parties were properly before the Minnesota court, and the Minnesota action was the first in which the complaint was served and filed. The action was properly before the Minnesota court.

■ The 1984–85 policies issued by SPSL to Mentor contained the following provision:

It is agreed that in the event of the failure of [SPSL] to pay any amount claimed to be due hereunder, [SPSL], at the request of [Mentor], will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

Mentor contends this provision is a forum selection and Mentor's selection of California as the forum for this dispute bars the Minnesota action. We disagree.

The clause at issue serves two purposes. First, it operates as a waiver of the defense of lack of personal jurisdiction. Through the clause, SPSL waives its right to claim insufficient contact with the State of California to allow personal jurisdiction. The clause does not waive SPSL's right to institute its own action, in a forum of SPSL's choice, to determine the rights and liabilities of the parties.

■ Second, the clause bars the insurer from removing an action brought by its insured in state court to federal court. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991); *Cessna Aircraft Co. v. Fidelity & Cas. Co.*, 616 F.Supp. 671, 675 (D.N.J.1985). The clause does not allow an insured to seek the dismissal of an action brought by the insurer in federal court by bringing a

later state court action. *International Ins. Co. v. McDermott, Inc.*, 956 F.2d 93, 95–96 (5th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

We hold the trial court did not err in refusing to dismiss the Minnesota action. That action was the first filed *and* served, and SPSL's policy provision does not require dismissal of the Minnesota action in favor of Mentor's earlier-filed, but later-served, California action.

## II.

It has long been the law in Minnesota that a court can enjoin a party over whom it has in personam jurisdiction from proceeding with litigation before another court. *State ex rel. Bossung v. District Court,* 140 Minn. 494, 498, 168 N.W. 589, 590–91 (1918). The power to issue such an injunction should be used sparingly. *Cargill, Inc. v. Hartford Accident & Indem. Co.,* 531 F.Supp. 710, 715 (D. Minn. 1982). Exercise of this discretionary power is dependent on the similarities between the two litigations. *Medtronic, Inc. v. Catalyst Research Corp.,* 518 F.Supp. 946, 954–55 (D. Minn.), *aff'd & remanded,* 664 F.2d 660 (8th Cir.1981). Among the factors to consider are whether the parties and issues are common to both actions, and whether one action will be dispositive of the other. *Id.* at 955.

In the present case, it is doubtful that the Minnesota action can dispose of the California action. There is no indication that any of the defendants in the California action, other than SPSL, can be made to appear in the Minnesota action. In addition, the other insurance companies involved in the California action are not Minnesota corporations, and it is not clear how there could be a sufficient nexus between their issuing insurance policies to Mentor and the Minnesota action.

In addition, the issues in the California and Minnesota action are not the same. Mentor has sought a declaration of its rights of defense and indemnity from its primary and excess carriers. The Minnesota action involves only the duty to defend of Mentor's three primary carriers. The

California action also includes breach of contract claims against SPSL and United National. These claims are not present in the Minnesota action.

The California action does not intrude on the Minnesota action, and an injunction was not necessary to protect the jurisdiction of the Minnesota court. *See New Process Steel Corp. v. Steel Corp. of Texas,* 638 S.W.2d 522, 525 (Tex.App.1982) (court may enjoin parallel litigation in another state to protect its jurisdiction). There has been no showing that the California action was commenced by Mentor in hopes of obtaining an unfair or inequitable advantage. *See Freick v. Hinkly,* 122 Minn. 24, 26–27, 141 N.W. 1096, 1096 (1913); *Hawkins v. Ireland,* 64 Minn. 339, 347, 67 N.W. 73, 76 (1896). In deciding whether to enjoin litigation in another state, a court must give due regard to the ability of the other state's courts to do justice in the matter before it. *See Luten,* 566 S.W.2d at 458.

This is not a case in which it is necessary for one court to take control of the litigation to ensure an orderly and just resolution. For this reason, *Doerr v. Warner,* 247 Minn. 98, 76 N.W.2d 505 (1956) is distinguishable. In *Doerr,* an action was commenced in Minnesota to confirm a trust, for an accounting, and for removal and replacement of the sole remaining trustee. The trust res was in Minnesota when the action was commenced, although it was later moved to Nevada, where the trustee commenced his own action. The *Doerr* court found the trustee's action in removing the trust res from Minnesota to Nevada, "in a calculated and systematic manner * * * to deprive the [Minnesota] court of its jurisdiction," combined with other factors, warranted issuance of an injunction to stop the trustee's continuing his Nevada action. *Id.* at 109–110, 76 N.W.2d at 514. There are no such concerns in this case. We conclude the trial court abused its discretion under the facts of this case.

## III.

Mentor has moved to strike from the record documents filed after its appeal was

taken. Those documents have not been considered by this court in reaching its decision. Mentor's motion is denied as unnecessary.

SPSL has moved to correct what it claims are misstatements contained in the record. As with Mentor's motion, the decision we have reached was not based on the disputed statements. SPSL's motion is denied as unnecessary.

## DECISION

The parallel litigation in both California and Minnesota should be allowed to proceed.

**Affirmed in part, reversed in part and remanded.**