# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3330

_____

Lance George Owen,

    Petitioner - Appellant,

v.

Douglas Weber, Warden of the
South Dakota State Penitentiary,

    Respondent - Appellee.

\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    District of South Dakota.
\*
\*    [PUBLISHED]
\*
\*

_____

Submitted: June 16, 2011
Filed: July 27, 2011

_____

Before COLLOTON and BENTON, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

At a tribal housing complex in Peever, South Dakota, Lance George Owen stabbed two men, killing one. A state court convicted him of first degree murder and aggravated assault. Sentenced to life imprisonment, he appeals the district court's[2]

---

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2] The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

denial of a writ of habeas corpus. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Owen, a Native American, challenges the state's jurisdiction to try him. In South Dakota, federal courts have exclusive jurisdiction of major crimes committed by Native Americans within "Indian country." *See* 18 U.S.C. § 1153 (conferring jurisdiction); 18 U.S.C. § 1162(a) (South Dakota not one of six states granted full criminal jurisdiction over Indian country); *State v. Daly*, 454 N.W.2d 342, 344 (S.D. 1990).

In Owen's case, the South Dakota Supreme Court held that the housing complex's land is not "Indian country." *State v. Owen*, 729 N.W.2d 356, 368-69 (S.D. 2007). Owen unsuccessfully raised the same point in a state habeas petition. He then sought a writ of habeas corpus under 28 U.S.C. § 2254, presenting several grounds. The district court denied relief but granted a certificate of appealability on the jurisdiction issue.

Denial of habeas corpus on a question of law receives de novo review. *Williams v. Norris*, 612 F.3d 941, 946 (8th Cir. 2010). Owen does not argue that the state courts unreasonably determined the facts of the case. *See* 28 U.S.C. § 2254(d)(2). The writ thus issues only if a state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

> [A] decision is contrary to federal law . . . if a state court has arrived at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if it confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent but arrived at an opposite result. A state court unreasonably applies clearly established federal law when it identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. It is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable.

*Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (quotation marks and citations omitted).

Federal law defines three classes of Indian country. *See* 18 U.S.C. § 1151. The housing complex's land does not lie within a reservation and is not part of an allotment, so this case centers on whether it is a "dependent Indian community." *Id.* Dependent Indian communities must "satisfy two requirements – first, they must have been set aside by the Federal Government for the use of the Indians as Indian land; second, they must be under federal superintendence." *Alaska v. Native Vill. of Venetie Tribal Gov't*, 522 U.S. 520, 527 (1998).[3]

The town of Peever has fee title to the land where the housing complex stands, but leases the land for 99 years to the tribal Sisseton-Wahpeton Housing Authority. Both the South Dakota Supreme Court and the state habeas court correctly identified

---

[3] The parties also discuss the "dependent Indian community" test from *United States v. South Dakota*, 665 F.2d 837 (8th Cir. 1981). We need not decide whether *South Dakota* retains a role in describing the community to which *Native Village of Venetie*'s test applies. *See Native Vill. of Venetie*, 522 U.S. at 531 n.7 (rejecting the Ninth Circuit's similar test). The parties agree that the housing complex's land is the "appropriate community of reference." *See Hydro Res., Inc. v. EPA*, 608 F.3d 1131, 1178 (10th Cir. 2010) (en banc) (Ebel, J., dissenting), *citing Yankton Sioux Tribe v. Podhradsky*, 577 F.3d 951, 970-71 (8th Cir. 2009), *superseded*, 606 F.3d 994 (8th Cir. 2010) (applying *Native Village of Venetie* without citing *South Dakota*). In any event, state court decisions are reviewed for compliance with Supreme Court law. *See Christian v. Dingle*, 577 F.3d 907, 912 (8th Cir. 2009) (citing 28 U.S.C. § 2254(d)(1); further citations omitted).

*Native Village of Venetie*'s two-element test.  Both courts reasoned that the housing complex's land did not meet it, as the lease indicates that the land was not set aside by the federal government.  The state courts' straightforward application of *Native Village of Venetie* was not objectively unreasonable.  *See Collier*, 485 F.3d at 421. The district court properly denied habeas relief.

\* \* \* \* \* \* \*

The judgment denying a writ of habeas corpus is affirmed.

_____