Jolane **WOOD**, individually, and as mother and natural guardian of H.R., J.A.R., and M.A.B., Respondent,

v.

**DIAMONDS SPORTS BAR & GRILL, INC., Appellant.**

**No. C7–02–845.**

Court of Appeals of Minnesota.

Dec. 24, 2002.

---

Gary T. LaFleur, Stephanie A. Riley, Babcock, Neilson, Mannella, LaFleur & Klint, Anoka, MN, for respondent.

Jerome R. Klein, Candlin & Heck, Bloomington, MN, for appellant.

Considered and decided by MINGE, Presiding Judge, WILLIS, Judge, and WRIGHT, Judge.

## OPINION

WILLIS, Judge.

Appellant, the defendant in a dram-shop action, challenges the district court's denial

of summary judgment on the jurisdictional question of whether respondent complied with the notice requirement of Minn.Stat. § 340A.802 (2002) in making her claim for damages. We affirm.

## FACTS

Respondent Jolane Wood's boyfriend was injured in an automobile accident after leaving appellant Diamonds Sports Bar & Grill (Diamonds), where he had been served and had consumed alcohol. Wood, who has since married the boyfriend, filed a dram-shop claim against Diamonds for loss of support and other civil damages under Minn.Stat. § 340A.801 (2002).

Dram-shop claims are subject to a notice requirement. *Id.* § 340A.802 (2002); *May v. Strecker*, 453 N.W.2d 549, 554 (Minn.App.1990), *review denied* (Minn. June 15, 1990). Wood's attorney had to give written notice of certain facts surrounding the boyfriend's injuries within 240 days after entering into an attorney-client relationship for the purpose of bringing the dram-shop claim. *See* Minn. Stat. § 340A.802. The parties do not dispute that Wood's attorney in the dram-shop action served a summons and complaint on Diamonds, containing the information that the statute requires, within 240 days after entering into an attorney-client relationship with Wood. But after the accident and before she initiated the dram-shop claim, Wood had retained another attorney for the purpose of filing for bankruptcy, and the bankruptcy attorney provided no written notice of a dram-shop claim to Diamonds.

Diamonds brought a motion for summary judgment, arguing that the district court did not have subject-matter jurisdiction because Wood failed to comply with the notice requirement (1) by not serving notice within 240 days after entering into an attorney-client relationship with the bankruptcy attorney and (2) by not serving notice before serving the complaint. The district court denied summary judgment, concluding that (1) Diamonds did not establish as a matter of law that the bankruptcy attorney represented Wood for purposes of the dram-shop claim, (2) service of a complaint that meets the criteria described in section 340A.802 could satisfy the notice requirement, and (3) Wood substantially complied with the notice requirement. Having denied Diamonds' motion on other grounds, the district court did not address Wood's argument that Diamonds had actual notice of the dram-shop claim. Diamonds now appeals.

## ISSUES

I. Is the issue of whether Wood's bankruptcy attorney should have provided notice of the dram-shop claim to Diamonds properly before this court?

II. Can a plaintiff satisfy the notice requirement for a dram-shop claim by serving a complaint that contains the information described in Minn.Stat. § 340A.802, subd. 1 (2002), within the time period provided by Minn.Stat. § 340A.802, subd. 2 (2002)?

## ANALYSIS

### I.

Wood has moved this court to strike that part of Diamonds' reply brief that argues that the district court erred by concluding that Diamonds did not establish as a matter of law that Wood's bankruptcy attorney should have provided Diamonds with notice of the dram-shop claim. Wood argues that Diamonds failed to raise this issue in its main brief and that discussion of the issue in the reply brief violates Minn. R. Civ.App. P. 128.02, subd. 3. Diamonds counters that Wood's claim in her respondent's brief that she complied with

the notice requirement opened the door for the issue of whether her bankruptcy attorney should have served notice.

■ "The appellant may file a brief in reply to the brief of the respondent." Minn. R. Civ.App. P. 128.02, subd. 3. But the "reply brief must be confined to new matter raised in the brief of the respondent." *Id.* If an argument is raised in a reply brief but not raised in an appellant's main brief, and it exceeds the scope of the respondent's brief, it is not properly before this court and may be stricken from the reply brief. *Berg v. State,* 557 N.W.2d 593, 596 (Minn.App.1996).

Diamonds raised for the first time in its reply brief the issue of whether the bankruptcy attorney should have served notice. Although it identified the issue in its statement of the case, Diamonds did not discuss the issue in its main brief, and Wood's general assertion that she satisfied the notice requirement is insufficient support for Diamonds' specific attack on the bankruptcy attorney's failure to provide notice. We conclude, therefore, that the issue is not properly before this court and grant Wood's motion to strike the challenged portion of Diamonds' reply brief.

## II.

■ Diamonds contends that the district court erred by concluding that service of a complaint can satisfy the notice requirement of Minn.Stat. § 340A.802 (2002). Diamonds maintains that service of a complaint cannot satisfy the requirement because the statute requires that notice precede the commencement of any dram-shop action. Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn. 1998).

The notice requirement states that

[a] person who claims damages * * * from a licensed retailer of alcoholic beverages * * * for or because of an injury within the scope of section 340A.801 must give a written notice to the licensee * * * stating:

> (1) the time and date when and person to whom the alcoholic beverages were sold or bartered;

> (2) the name and address of the person or persons who were injured or whose property was damaged; and

> (3) the approximate time and date, and the place where the injury to person or property occurred.

Minn.Stat. § 340A.802, subd. 1. Furthermore,

> [i]n the case of a claim for damages, the notice must be served by the claimant's attorney within 240 days of the date of entering an attorney-client relationship with the person in regard to the claim.

*Id.,* subd. 2.

The statute also provides that "[n]o action for damage * * * may be maintained unless the notice has been given," *id.,* and the supreme court has characterized statutory notice as a "condition precedent" to bringing a dram-shop claim, *Schulte v. Corner Club Bar,* 544 N.W.2d 486, 488 (Minn.1996). But the statute's limitations provision states that "[n]o action may be maintained * * * unless commenced within two years after the injury." Minn.Stat. § 340A.802, subd. 2.

■ The purpose of statutory construction is to ascertain and effectuate the intent of the legislature. *Id.* § 645.16 (2002).

> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

*Id.* Absent ambiguity, therefore, "the court must look only to the plain meaning of the statutory language." *Boutin v. La-Fleur,* 591 N.W.2d 711, 715 (Minn.1999) (citation omitted). In interpreting statutory language, "[w]ords and phrases are construed according to rules of grammar and according to their common and approved usage * * *." Minn.Stat. § 645.08(1) (2002).

■■■ The plain meaning of the dram-shop notice statute is that, if a plaintiff has retained an attorney for the purpose of bringing a dram-shop claim, the attorney must provide notice to the licensee of certain facts regarding the potential claim within 240 days after entering into the attorney-client relationship. Nothing in the statute indicates that service of a complaint that provides the information described in section 340A.802, subdivision 1, and that is served within 240 days after an attorney is retained cannot provide the required notice.

But Diamonds contends that the statute requires that written notice must be served before commencement of a dram-shop action by service of a summons and complaint. Diamonds asserts that the language of section 340A.802, subdivision 2, stating that no action may be "maintained" unless the notice requirement is satisfied, also means that no action may be commenced without earlier statutory notice.

We find Diamonds' interpretation of "maintained" to be unpersuasive. First, "to maintain" is defined as:

1. To keep up or carry on; continue * * * 2. To keep in an existing state; preserve or retain * * * 3. To keep in a condition of good repair or efficiency * * * 4a. To provide for; support * * * b. To keep in existence; sustain * * * 5. To defend or hold against criticism or attack * * * 6. To declare to be

true; affirm * * * [or] 7. To adhere or conform to; keep * * *.

*American Heritage Dictionary* 1055 (4th ed.2000). This definition suggests that the preferred sense is "to continue" rather than "to commence." Furthermore, in its limitations provision, Minn.Stat. § 340A.802, subd. 2, the statute uses both "maintained" and "commenced" in the same sentence, indicating that the legislature intended the words to have discrete meanings. *See Pillsbury v. United Eng'g Co.,* 342 U.S. 197, 200, 72 S.Ct. 223, 225, 96 L.Ed. 225 (1952) (interpreting similarly a federal statute).

Diamonds argues that the purpose of the notice requirement is to allow the licensee time to conduct a pre-litigation investigation of the facts giving rise to a dram-shop claim. We recognize that the supreme court has said that one purpose of the notice requirement is to "provide dramshops with an early opportunity to investigate claims * * *." *Wegan v. Village of Lexington,* 309 N.W.2d 273, 280 (Minn.1981). But Diamonds does not suggest how much time the statute gives the licensee to conduct such an investigation. Moreover, the suggested purpose of providing time for pre-litigation investigation would render part of the statute ineffective, and we presume that the legislature does not intend such an outcome. *See* Minn.Stat. § 645.17(2) (2002). For example, if a dram-shop plaintiff retained an attorney one day before the expiration of the limitations period, the plaintiff would have one day to serve both the notice and the summons and complaint to preserve the dram-shop claim. If the purpose of the notice requirement is to allow for pre-litigation investigation, the plaintiff could not sue the licensee, because the licensee could not investigate before commencement of the action. Diamonds' interpretation of the notice requirement would deduct

from the limitations period some undefined period necessary to conduct a pre-litigation investigation, leaving the two-year limitations provision partially ineffective. But more importantly, Diamonds admits that, if a process server were to hand to a licensee notice first and then a summons and complaint containing the same factual information seconds later, the notice requirement would be satisfied. This would be an absurd triumph of form over substance, and we must presume that the legislature did not intend such a result. *See id.* § 645.17(1) (2002).

Diamonds in turn argues that the district court's construction of the statute renders the notice requirement ineffective and superfluous. Diamonds maintains that, if the notice requirement can be satisfied by service of the complaint, the requirement serves no purpose. But service of a complaint that neither communicates the statutorily required facts giving rise to the dram-shop claim nor reaches the licensee within the prescribed time period would not satisfy the statute. Also, if an attorney is hired immediately after an injury, the attorney must still serve notice within 240 days after beginning the representation, even though the dram-shop action does not have to be commenced for more than a year later. Thus, the district court's interpretation of the notice provision does not render the provision ineffective.

We therefore conclude that service of a complaint that contains the information described in section 340A.802, subdivision 1, within the 240-day specified in section 340A.802, subdivision 2, satisfies the dram-shop notice requirement.

The district court also concluded that Wood "substantially complied" with the notice requirement, at least to the extent that her service of the complaint communi-cated to Diamonds the information described in section 340A.802, subdivision 1. Because we agree with the district court's interpretation of the statute—which allows the notice requirement to be satisfied by service of a complaint—we decline to address whether Wood "substantially complied" with the statute.

### III.

 Both parties raise the issue of whether Diamonds had actual notice of Wood's dram-shop action. The statute provides that "[a]ctual notice of sufficient facts reasonably to put the licensee * * * on notice of a possible claim complies with the notice requirement." *Id.* § 340A.802, subd. 2. Although the parties presented this issue to the district court, the court declined to address it because the court found that service of the complaint satisfied the notice requirement. Because the issue was not decided by the district court, and in light of the limited record at this stage of the proceedings, we decline to address whether Diamonds had actual notice of Wood's potential dram-shop claim. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988).

### DECISION

The district court did not err in its construction of the dram-shop notice statute.

**Affirmed; motion granted.**