**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1341**

In the Matter of the Civil Commitment of: Kenneth Donald Hand.

**Filed April 11, 2016**
**Affirmed**
**Reyes, Judge**

Crow Wing County District Court
File No. 18PR095711

Lori Swanson, Attorney General, Angela H. Kiese, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Kenneth Donald Hand, Moose Lake, Minnesota (pro se appellant)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Reyes, Judge.

**S Y L L A B U S**

1.      If an individual committed as a sexually dangerous person (SDP) brings a motion pursuant to rule 60.02 of the Minnesota Rules of Civil Procedure for relief from an order for indeterminate commitment alleging that the Minnesota Commitment and Treatment Act (MCTA), Minn. Stat. §§ 253D.01–.36 (2014), is unconstitutional under *Karsjens v. Jesson* (*Karsjens I*), 109 F. Supp. 3d 1139, 1157 (D. Minn. 2015), *motion to certify appeal denied*, Civ. No. 11-3659, 2015 WL 4478972 (D. Minn. July 22, 2015), and therefore his commitment to the Minnesota Sex Offender Program (MSOP) was unlawful ab initio, the motion is barred by the exclusive transfer-or-discharge remedies of the MCTA.

2. When an SDP seeks a temporary restraining order (TRO) or temporary injunction pursuant to rules 65.01 and 65.02 of the Minnesota Rules of Civil Procedure, respectively, and that person has failed to state a viable claim for relief from an order for indeterminate commitment, the district court does not abuse its discretion by denying such relief.

## O P I N I O N

**REYES**, Judge

Appellant challenges his continued confinement to the MSOP. Appellant also challenges his 2010 order for indeterminate commitment to the MSOP as an SDP arguing that the MCTA is unconstitutional and unlawful ab initio. He therefore seeks relief under rules 60.02, 65.01, and 65.02 of the Minnesota Rules of Civil Procedure. We affirm.

## FACTS

On November 12, 2003, appellant Kenneth Donald Hand pleaded guilty to second-degree criminal sexual conduct and was sentenced to 88 months in prison. Prior to his scheduled release from prison on October 22, 2009, Crow Wing County Human Services filed a petition to have appellant committed to the MSOP as an SDP and a sexually psychopathic personality (SPP). At appellant's commitment hearing, he stipulated that he met the criteria for commitment as an SDP, and the county dismissed the portion of the petition seeking appellant's commitment as an SPP. On April 23, 2010, the district court issued an order and subsequently entered judgment indeterminately committing appellant to the MSOP.

2

On June 17, 2015, the United States District Court for the District of Minnesota issued an order in an ongoing class-action lawsuit determining that certain aspects of the MCTA relating to a person's continued confinement are unconstitutional. *Karsjens I*, 109 F. Supp. 3d at 1173–74.[1] Appellant is a member of the federal class. On June 18, 2015, appellant sent correspondence to the state district court asking that it vacate his 2010 order for indeterminate commitment and requesting an evidentiary hearing pursuant to rule 60.02 of the Minnesota Rules of Civil Procedure. On June 30, 2015, appellant sent additional correspondence to the district court seeking a TRO and to enjoin the enforcement of his order for indeterminate commitment pursuant to rules 65.01 and 65.02, respectively, pending the outcome of his rule 60.02 motion.

By order, the district court denied appellant's request for relief under rules 60.02, 65.01, and 65.02. In an accompanying memorandum, the district court explained that it was declining to address the issues raised by appellant based on the principle of comity. The district court acknowledged that appellant's claims "raise a number of difficult problems" but determined that the federal court presiding over the class-action lawsuit is "better suited to administer the proper relief." This appeal follows.

---

[1] The federal court issued its first "remedies" order on October 29, 2015. *Karsjens v. Jesson* (*Karsjens II*), Civ. No. 11-3659, 2015 WL 6561712 (D. Minn. Oct. 29, 2015). The court indicated in its October 29 order that it anticipates issuing subsequent orders regarding MSOP's policies and procedures. *Id.* at \*17. The commissioner appealed to the Eighth Circuit and filed a motion in federal district court to stay enforcement of the October 29 order pending appeal. The district court denied the commissioner's motion. *Karsjens v. Jesson* (*Karsjens III*), Civ. No. 11-3659, 2015 WL 7432333, \*7 (D. Minn. Nov. 23, 2015). The Eighth Circuit has since granted the commissioner's request for a stay pending appeal. *Karsjens v. Jesson (Karsjens IV)*, No. 15-3485 (8th Cir. Dec. 15, 2015).

**ISSUES**

I.      Did the district court abuse its discretion by denying appellant's request for relief from continued confinement on the basis of comity?

II.     Did the district court abuse its discretion by denying appellant's rule 60.02 motion?

III.    Did the district court abuse its discretion by denying appellant's rule 65.01 and 65.02 motions?

**ANALYSIS**

**I.**

Appellant argues that the district court erred by denying his request for relief from his continued confinement due to the unconstitutionality of the MCTA on the basis of comity. We are not persuaded.

We review a district court's application of the principle of comity for an abuse of discretion. *Medtronic, Inc. v. Advanced Bionics Corp.*, 630 N.W.2d 438, 449 (Minn. App. 2001). "In general, when courts have concurrent jurisdiction, the first court to acquire jurisdiction has priority in considering the case." *Minn. Mut. Life Ins. v. Anderson*, 410 N.W.2d 80, 82 (Minn. App. 1987). The "first to file" rule is not, in fact, a rule of law but a principle based on comity. *Id.* (quotation omitted). "Judicial comity is '[t]he respect a court of one state or jurisdiction shows to another state or jurisdiction in giving effect to the other's laws and judicial decisions.'" *Medtronic*, 630 N.W.2d at 449 (alteration in original) (quoting *Black's Law Dictionary* 262 (7th ed. 1999)). "Generally . . . comity between courts will resolve instances where two actions between

4

the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction." *Gavle v. Little Six, Inc.*, 555 N.W.2d 284, 290 (Minn. 1996) (quotation omitted). In determining whether to defer to another court or jurisdiction, "a court should seek to determine which of the two actions will serve best the needs of the parties by providing a comprehensive solution of the general conflict." *Anderson*, 410 N.W.2d at 82.

Appellant and respondent are both parties to the instant case as well as the federal class-action litigation. To the extent that appellant raised issues in state district court relating to his continued confinement, that action involved the same parties, subject matter, and rights as the federal class-action litigation. Furthermore, issues presented in *Karsjens* regarding the constitutionality of the MCTA's review and release procedures involve the complex and competing policy considerations of liberty and public safety. *Karsjens I*, 109 F. Supp. 3d at 1143. The federal court has presided over the class-action litigation for some time now and has developed significant expertise on the MSOP's post-commitment procedures. *See, e.g.*, *id.* at 1173–78. Thus, as the district court appropriately acknowledged, with respect to appellant's claims regarding his continued confinement, the federal court "is better suited to administer the proper relief." The district court correctly recognized that any relief it granted "could potentially be wholly inconsistent with the relief granted by the [federal court]" and that the federal court remedy "will provide a comprehensive solution to the issues at hand." Therefore, we conclude that the district court did not abuse its discretion by denying appellant relief as to his allegations regarding his continued confinement on the basis of comity.

## II.

Appellant also challenges the district court's denial of his rule 60.02 motion. Appellant argues that, under *Karsjens I*, the MCTA is unconstitutional, the act was void ab initio, and his order for indeterminate commitment must be vacated because he "cannot be held." We are not persuaded.

We review a district court's denial of a rule 60.02 motion for an abuse of discretion. *In re Civil Commitment of Moen*, 837 N.W.2d 40, 44-45 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013). Rule 60.02(e) provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representatives from a final judgment (other than a marriage dissolution decree), order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons:
> . . . .
> (e) The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

Minn. R. Civ. P. 60.02(e). The MCTA, however, provides the "exclusive remedy" for a patient committed as an SDP pursuing transfer or discharge, and a rule 60.02 motion may not seek those ends. *In re Civil Commitment of Lonergan*, 811 N.W.2d 635, 642 (Minn. 2012). A patient designated as an SDP cannot seek relief under rule 60.02 if the motion "(1) distinctly conflict[s] with the [MCTA], or (2) frustrate[s] a patient's rehabilitation or the protection of the public." *Id.* at 643. "[W]hen a patient committed as an SDP . . . seeks to vacate a commitment under [r]ule 60.02 in place of seeking a transfer or discharge under the [MCTA]'s procedures, . . . [r]ule 60.02 is unavailable." *Id.* at 643.

6

The district court determined that appellant asked the court to vacate his 2010 order for indeterminate commitment. We agree. If the ultimate purpose of appellant's motion is a resolution that would necessarily result in his discharge from the MSOP, the motion is one for transfer or discharge. Appellant repeatedly requested that the district court vacate or preclude enforcement of his judgment of indeterminate commitment. Therefore, because appellant sought to vacate his underlying commitment order in place of seeking transfer or discharge under the MCTA's procedures, relief under rule 60.02 was unavailable to appellant.

Appellant argues that he is seeking only an evidentiary hearing, not transfer or discharge, and thus is seeking relief that the court may grant. But an evidentiary hearing "is not a form of relief in and of itself." *Moen*, 837 N.W.2d at 47. And appellant "may not avoid denial of the [rule 60.02] motion by refraining from requesting any relief at all." *Id.*

Appellant further contends that, because the *Karsjens* court ruled that the MCTA is unconstitutional, the district court lacked subject matter jurisdiction to issue an order for indeterminate commitment. But *Karsjens* only addresses issues with the MCTA that arise *after* a person's indeterminate commitment is ordered. *Karsjens I*, 109 F. Supp. 3d at 1166–78; *Karsjens II*, 2015 WL 6561712 at *16-17. It does not address the constitutionality of an individual's initial order for commitment. *Karsjens I*, 109 F. Supp. 3d at 1166–78. Furthermore, the federal district court expressly stated that *Karsjens* "has never been about the immediate release of any single committed individual or committed individuals." *Id.* at 1144. *Karsjens* therefore does not provide a basis for arguing that a

7

person's order for commitment was invalid and does it provide a basis for immediate transfer or release.[2]

We construe another one of appellant's arguments as asserting that, as a result of *Karsjens I*, the relevant decisional law has changed. A change in the law may constitute a sufficient reason under rule 60.02(e) to grant relief from judgment. *Moen*, 837 N.W.2d at 49 (citing *Jacobson v. Cty. of Goodhue*, 539 N.W.2d 623 (Minn. App. 1995), *review denied* (Minn. Jan. 12, 1996)). But the applicable law to order a person's indeterminate commitment has not changed. Therefore, appellant has failed to provide a sufficient reason under rule 60.02(e) for relief from his 2010 order for indeterminate commitment.

Moreover, the change in the relevant decisional law must be final. *Jacobson*, 539 N.W.2d at 624 (concluding that supreme court precedent provided a basis for relief under rule 60.02(e)). *Karsjens I* is not a final judgment which entitles appellant to relief. *See* Fed. R. Civ. P. 54 ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties."); Minn. R. Civ. P. 54.01 (defining judgment as "the final determination of the rights of the parties in an action or

---

[2] Appellant's attempt to frame his argument as one attacking the district court's subject matter jurisdiction over his commitment proceedings is misguided. State district courts are courts of general jurisdiction. Minn. Const. art. VI, § 3. Additionally, courts are responsible for determining the constitutionality of a challenged statute. *In re Individual 35W Bridge Litig.*, 806 N.W.2d 820, 829 (Minn. 2011). A determination that a statute is unconstitutional deprives a court of *authority* to enforce the statute but does not deprive a court of subject matter jurisdiction over a given case that is otherwise within the ambit of its authority. *McGuire v. C & L Rest. Inc.*, 346 N.W.2d 605, 614 (Minn. 1984) ("[I]f the court finds a statute unconstitutional, the statute is not a law; it is just as inoperative as had it never been enacted.").

8

proceeding"). In addition, *Karsjens II* has been appealed to the Eighth Circuit and enforcement of the order has been stayed pending appeal. More importantly, even if *Karsjens II* is upheld by the Eighth Circuit, for the reasons previously noted, it would not provide a basis for appellant's immediate transfer or release. *Karsjens I*, 109 F. Supp. 3d at 1144.

Finally, appellant argues, for the first time on appeal, that the district court should have stayed his proceedings pending a final ruling in *Karsjens*. But appellant never asked the district court to grant a stay. We therefore need not address this argument. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

We hold that a rule 60.02 motion for relief from an order of indeterminate commitment alleging that the MCTA is unconstitutional and unlawful ab initio is barred by the exclusive transfer-or-discharge remedies of the MCTA, Minn. Stat. §§ 253D.01–.36. Because appellant is not entitled to the relief sought under rule 60.02, we affirm on other grounds the district court's decision to deny appellant's motion.

**III.**

Finally, appellant argues that the district court should have granted his request for a TRO under rule 65.01 or temporary injunction under rule 65.02 to restrain enforcement of the 2010 order for indeterminate commitment to the MSOP.[3] We disagree.

---

[3] We question whether rule 65 may be used to seek a temporary restraining order or a temporary injunction after a final judgment and the filling of a rule 60 motion. Likewise, we question whether a district court ever could properly issue a TRO or a temporary injunction that contradicts a final judgment without granting a rule 60 motion. But respondent did not make such arguments to challenge the applicability of rule 65 in these circumstances. Thus, for purposes of resolving the issues raised by the parties to this

9

A TRO and temporary injunction are extraordinary remedies. *Minneapolis Urban League v. City of Minneapolis,* 650 F.Supp. 303, 305 (D. Minn. 1986) (TRO); *Metro. Sports Facilities Comm'n v. Minn. Twins P'ship*, 638 N.W.2d 214, 220 (Minn. App. 2002) (temporary injunction), *review denied* (Minn. Feb. 4, 2002). Whether to grant a TRO or temporary injunction is left to the discretion of the district court and will not be reversed absent a clear abuse of that discretion. *Carl Bolander & Sons Co. v. City of Minneapolis,* 502 N.W.2d 203, 209 (Minn. 1993) (temporary injunction); *Bio-Line, Inc. v. Burman*, 404 N.W.2d 318, 320 (Minn. App. 1987) (TRO). A primary factor in determining whether to grant a TRO or temporary injunction is "the likelihood that the party will prevail on the merits." *Minneapolis Fed'n of Teachers Local 59 v. Minneapolis Pub. Schs., Special Sch. Dist. No. 1*, 512 N.W.2d 107, 110 (Minn. App. 1994), *review denied* (Minn. Mar. 31, 1994).

The district court denied appellant's rule 65.01 and 65.02 motions because he was not likely to succeed on the merits of his rule 60.02 motion. Because appellant's motion to vacate his order for commitment seeks discharge from the MSOP, relying on *Karsjens I*, which did not address the constitutionality of the MCTA's *initial commitment* procedures and is not final law, appellant cannot succeed on the merits of his rule 60.02 motion.[4]

---

appeal, we assume without deciding that rule 65 may be invoked after the filing of a rule 60 motion.

[4] When determining whether to grant a TRO or temporary injunction, courts also consider (1) the nature and background of the parties' relationship before the dispute; (2) the relative harm to the parties if the relief is granted or denied; (3) public policy as expressed in state or federal statutes; and (4) the administrative burden on the court to

10

Furthermore, a TRO or temporary injunction is intended to preserve the status quo pending an adjudication on the merits. *Bio-Line, Inc.*, 404 N.W.2d at 320; *Metro. Sports Facilities Comm'n*, 638 N.W.2d at 220. Appellant is currently committed to the MSOP. Preserving the status quo in appellant's case is achieved by maintaining his continued confinement. Accordingly, we affirm on other grounds the district court's denial of appellant's rule 65.01 and 65.02 motions because appellant failed to state a viable claim for relief from his 2010 order of indeterminate commitment.

## D E C I S I O N

Appellant's rule 60.02 motion is barred by the exclusive transfer-or-discharge remedies of the MCTA. In addition, because appellant's rule 60.02 motion does not state a viable claim for relief from his 2010 order of indeterminate commitment, the district court did not err in denying appellant relief under rules 65.01 and 65.02.

**Affirmed.**

---

supervise and enforce the TRO. *M.G.M. Liquor Warehouse Int'l, Inc. v. Forsland*, 371 N.W.2d 75, 77 (Minn. App. 1985). Because appellant failed to establish a likelihood of success on the merits, and the absence of proof of any one factor is dispositive, we need not address the remaining four factors.