*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-1569**

In the Matter of the Civil Commitment of:
Kenneth Steven Daywitt.

**Filed May 23, 2016**
**Affirmed**
**Johnson, Judge**

Olmsted County District Court
File No. 55-PR-09-2533

Kenneth Steven Daywitt, Moose Lake, Minnesota (pro se appellant)

Mark Ostrem, Olmsted County Attorney, Rochester, Minnesota (respondent)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Kenneth Steven Daywitt is a civilly committed sex offender in the Minnesota Sex Offender Program. He moved to vacate the district court's civil-commitment order pursuant to rule 60.02 of the Minnesota Rules of Civil Procedure. The district court denied the motion without an evidentiary hearing. We affirm.

**FACTS**

In April 2009, Olmsted County petitioned the district court for a determination that Daywitt is a sexually dangerous person (SDP). In September 2009, the district court granted the petition and committed Daywitt to the custody of the commissioner of human services. Daywitt now is in the Minnesota Sex Offender Program (MSOP) at Moose Lake.

On June 17, 2015, the United States District Court for the District of Minnesota issued an order in a class-action lawsuit in which it concluded that certain aspects of the Minnesota Commitment and Treatment Act (MCTA), Minn. Stat. § 253B.001-.24 (2014), are unconstitutional. *Karsjens v. Jesson*, 109 F. Supp. 3d 1139, 1173 (D. Minn. June 17, 2015). The federal district court subsequently issued a First Interim Relief Order in which it ordered certain injunctive relief and retained jurisdiction in anticipation of further proceedings concerning possible additional remedies. *Karsjens v. Jesson*, No. 11-3659, 2015 WL 6561712, at *16 (D. Minn. Oct. 29, 2015). The federal district court's First Interim Relief Order presently is stayed pending an interlocutory appeal to the United States Court of Appeals for the Eighth Circuit. *Karsjens v. Jesson*, No. 15-3485 (8th Cir. Dec. 15, 2015) (order).

On June 18, 2015, the day after the federal district court's order declaring portions of the MCTA unconstitutional, Daywitt filed a motion in Olmsted County District Court in which he sought relief from his commitment pursuant to rule 60.02 of the Minnesota Rules of Civil Procedure. Daywitt argued that, in light of the recently issued order in *Karsjens*, his ongoing commitment is unconstitutional.

In August 2015, the district court denied Daywitt's motion. The district court reasoned that, because the *Karsjens* case has not yet reached final judgment, there is "no change in the current operative facts or law that would justify relief." The district court also concluded, in the alternative, that Daywitt could not obtain relief in a motion filed pursuant to rule 60.02 because the MCTA "provides for the exclusive remedy for persons in [Daywitt's] position to seek discharge from commitment." Daywitt appeals.

## D E C I S I O N

### I. Evidentiary Hearing

Daywitt first argues that the district court erred by denying his rule 60.02 motion without an evidentiary hearing.

Rule 60.02 is a mechanism by which a party may seek relief from a judgment if, among other reasons, the "judgement is void," "it is no longer equitable that the judgment should have prospective application," or there is "[a]ny other reason justifying relief." Minn. R. Civ. P. 60.02(d)-(f). An evidentiary hearing on a rule 60.02 motion "is not a form of relief in and of itself." *In re Civil Commitment of Moen*, 837 N.W.2d 40, 47 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013). Rather, an evidentiary hearing is necessary only if there is a factual dispute that the district court must resolve in order to rule on the motion. *See id.*; *Seifert v. Erickson*, 420 N.W.2d 917, 920 (Minn. App. 1988), *review denied* (Minn. May 18, 1988). An evidentiary hearing is not required if the district court can resolve the motion as a matter of law without fact-finding. *See Erickson*, 420 N.W.2d at 920. This court applies an abuse-of-discretion standard of review to a district court's decision to deny a rule 60.02 motion. *Moen*, 837 N.W.2d at 44-45.

In this case, the district court did not err by not conducting an evidentiary hearing before ruling on Daywitt's motion. The district court's reasons for denying Daywitt's motion did not necessarily depend on the resolution of disputed facts. The district court's rationale that the *Karsjens* case is still pending in the federal courts is validated by this court's recent opinion concluding that the principle of comity is a valid reason for a state district court to refrain from addressing the constitutionality of the MCTA or MSOP on a motion filed pursuant to rule 60.02. *See In re Civil Commitment of Hand*, \_\_\_\_ N.W.2d \_\_\_\_, \_\_\_\_, 2016 WL 1397100, at *2 (Minn. App. Apr. 11, 2016), *pet. for further review filed* (Minn.. May 10, 2016). In addition, the district court's alternative rationale that Daywitt's exclusive remedy is a petition for discharge filed pursuant to the MCTA is supported by caselaw stating that "the [MCTA] is the 'exclusive remedy' for patients committed as SDPs and SPPs seeking a transfer or discharge." *See In re Civil Commitment of Lonergan*, 811 N.W.2d 635, 642 (Minn. 2012); *see also Hand*, \_\_\_\_ N.W.2d at \_\_\_\_, 2016 WL 1397100, at *3-4; *Moen*, 837 N.W.2d at 45.

Thus, the district court did not err by denying Daywitt's rule 60.02 motion without an evidentiary hearing.

## II. Reply Memorandum

Daywitt also argues that the district court erred by denying his rule 60.02 motion without giving him an opportunity to file a reply memorandum of law in support of his motion.

A party that files a dispositive motion must serve and file a memorandum of law in support of the motion. Minn. Gen. R. Prac. 115.03(a)(4). The responding party "shall"

serve and file a memorandum of law in opposition to the motion. Minn. Gen. R. Prac. 115.03(b)(1). The moving party then "may" file a reply memorandum of law so long as it is "limited to new legal or factual matters raised by an opposing party's response to a motion." Minn. Gen. R. Prac. 115.03(c).

In this case, the county did not raise "new legal or factual matters" in its responsive memorandum. Accordingly, there was no need for Daywitt to file a reply memorandum and, correspondingly, no right to do so. Furthermore, given the district court's reasons for denying the motion, which we have validated, *see supra* at 4, Daywitt was not prejudiced by the promptness of the district court's ruling. *See Lonergan*, 811 N.W.2d at 642; *Hand*, ____ N.W.2d at ____, 2016 WL 1397100, at *2-4; *Moen*, 837 N.W.2d at 45.

Thus, the district court did not err by ruling on Daywitt's motion before the time allowed for a reply memorandum.[1]

**Affirmed.**

---

[1]Daywitt also argues that the district court erred by denying his motion for temporary injunctive relief pursuant to rule 65 of the rule of civil procedure. But Daywitt made that argument for the first time in his reply brief. An appellant must make all arguments for reversal in the appellant's opening brief, and arguments that are made for the first time in a reply brief are not properly before the court and may not be considered. Minn. R. Civ. App. P. 128.02, subd. 4; *Wood v. Diamonds Sports Bar & Grill*, 654 N.W.2d 704, 707 (Minn. App. 2002), *review denied* (Minn. Feb. 26, 2003). Thus, we will not consider Daywitt's argument concerning the district court's ruling on his rule 65 motion.