*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1980**

In the Matter of the Civil Commitment of:
David Leroy Gamble, Jr.

**Filed August 15, 2016
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62-MH-PR-09-479

David Leroy Gamble, Jr., Moose Lake, Minnesota (pro se appellant)

John J. Choi, Ramsey County Attorney, Stephen P. McLaughin, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Ross, Judge; and Stauber, Judge.

## UNPUBLISHED OPINION

**ROSS**, Judge

The district court civilly committed David Gamble Jr. to the Minnesota Sex Offender Program in 2010. In 2015 Gamble moved to vacate his commitment and sought release from the program after a federal district court found constitutional deficiencies in the Minnesota Commitment and Treatment Act. The state district court denied Gamble's motion, finding that the federal district court's order was not final or binding. We agree

with the state district court and affirm because Gamble's motion is barred by the exclusive transfer-or-discharge remedies of the act.

## FACTS

In autumn 2009, Ramsey County petitioned for David Gamble Jr.'s civil commitment as a sexually dangerous person (SDP). Gamble stipulated to the commitment, and a district court found that Gamble is an SDP under criteria laid out in the Minnesota Commitment and Treatment Act (MCTA). The district court indeterminately committed Gamble to the Minnesota Sex Offender Program (MSOP).

In June 2015, the federal district court for the District of Minnesota issued an order in a class-action suit brought by committed persons in the MSOP, deeming certain provisions of the MCTA unconstitutional. *Karsjens v. Jesson (Karsjens I)*, 109 F. Supp. 3d 1139 (D. Minn. 2015). Gamble is a member of the plaintiff class. The federal district court then established a "remedies phase," and it ordered the state to take a series of actions regarding the MSOP. *Karsjens v. Jesson (Karsjens II)*, 2015 WL 6561712, at *5, *16–17 (D. Minn. Oct. 29, 2015) (slip op.). The state appealed, and the Eighth Circuit stayed the district court's order. *Karsjens v. Jesson*, No. 15-3485 (8th Cir. Dec. 15, 2015) (order granting stay).

In July 2015, Gamble filed motions in the state district court seeking a temporary restraining order (TRO) and a temporary injunction, arguing that the MSOP should be enjoined from detaining him under *Karsjens*. Soon he also filed a motion asking for an evidentiary hearing and arguing under Minnesota Rules of Civil Procedure 60.02(d), (e),

and (f), that *Karsjens* voided his commitment, that his commitment was no longer equitable, and that other reasons justified relief.

The district court denied Gamble's motion without an evidentiary hearing, holding that the *Karsjens* decision is a nonbinding, nonfinal order that provided no authority to vacate Gamble's civil commitment. The court observed that *Karsjens* did not address the criteria for initial commitments and therefore did not support the relief available in a rule 60.02 action. The district court also found Gamble's claim that his commitment is inequitable is barred because Gamble had an adequate legal remedy as a class member in *Karsjens*. The district court did not address Gamble's injunctive motions.

Gamble appeals.

## D E C I S I O N

A court may relieve a party from judgment if the judgment is void, if the judgment is no longer equitable, or for other reasons justifying relief. Minn. R. Civ. P. 60.02(d)–(f). We review a district court's denial of a rule 60.02 motion for an abuse of discretion. *In re Civil Commitment of Moen*, 837 N.W.2d 40, 44–45 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013).

Gamble makes several arguments against the district court's dismissal of his motions, but all arguments seek the ultimate remedy of release from the MSOP. The MCTA, however, provides the "exclusive remedy" for a patient who is committed as an SDP and who seeks discharge, and a rule 60.02 motion cannot achieve those ends. *In re Civil Commitment of Lonergan*, 811 N.W.2d 635, 642 (Minn. 2012).

This court recently restated this restriction in the appeal of another member of the *Karsjens* class seeking relief from commitment. *In re Civil Commitment of Hand* holds that an SDP is barred from seeking relief from commitment through rule 60.02 under the *Karsjens* order because of the "exclusive transfer-or-discharge of remedies of the MCTA." 878 N.W.2d 503, 508–09 (Minn. App. 2016), *review denied* (Minn. June 21, 2016). A person committed in the MSOP cannot seek relief under rule 60.02 if the motion either distinctly conflicts with the MCTA or frustrates rehabilitation or public safety. *See In re Commitment of Lonergan*, 811 N.W.2d at 643; *In re Commitment of Hand*, 878 N.W.2d at 507. We look to the ultimate purpose of the rule 60.02 motion, and if it seeks relief that would result in discharge from the MSOP, the motion is deemed a motion for transfer or discharge and it is barred by the MCTA. *In re Commitment of Hand*, 878 N.W.2d at 507. Gamble's requests in his district court motion and his appellate brief inform us that his objective in his rule 60.02 motion is indeed discharge or transfer from the MSOP through the vacating of his commitment.

*Karsjens* does not change this analysis or the result, because it is a nonbinding, nonfinal order that has been stayed pending the state's appeal to the Eighth Circuit. A stay of judicial proceedings in federal court suspends the judicial alteration of the status quo. *Nken v. Holder*, 556 U.S. 418, 429, 129 S. Ct. 1749, 1758 (2009). The stay here precludes the federal district court's remedies assessed in *Karsjens II*, and under the status quo, the exclusiveness of the MCTA for transfer-or-discharge remedies continues.

Gamble argues that his motion is unaffected by the stay because he is not relying on *Karsjens*'s legal conclusions generally but on the fact-findings in *Karsjens I*, which he

requested the state district court to accept based on judicial notice. But to the extent Gamble attempts to use the findings in *Karsjens I* to support his discharge, he misreads *Karsjens I.* The order in that case expressly declares that it does not immediately close the MSOP program or direct the immediate release of a single committed individual. 109 F. Supp. 3d at 1144, 1177. Equally damaging to his argument, Gamble also misunderstands judicial notice. A court in its discretion may take judicial notice of adjudicative facts but only if the facts are either generally known within the court's territorial jurisdiction or capable of determination through sources "whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201(b); *In re Zemple*, 489 N.W.2d 818, 820 (Minn. App. 1992) (applying an abuse-of-discretion standard for review of judicial notice). The complex and controversial fact-findings in *Karsjens* fit neither category.

Gamble contends that the district court's order includes several other defects that do not depend on *Karsjens*. But for the following reasons, these arguments fail on the merits.

Gamble first takes issue with the district court's failure to hold an evidentiary hearing on his rule 60.02 motion. An evidentiary hearing is required only when a dispute of fact is shown. *Cf. Seifert v. Erickson*, 420 N.W.2d 917, 920 (Minn. App. 1988) (holding a habeas petitioner is entitled to an evidentiary hearing only when a fact dispute is shown), *review denied* (Minn. May 18, 1988). Gamble argues a fact dispute exists as to whether his release would create a great risk of harm to the public. But whether Gamble is a present risk to the public is immaterial to whether he can obtain relief through rule 60.02, because, again, the MCTA provides the exclusive remedies for discharge from the MSOP. Any error

5

in the district court's risk-of-harm determination resulting from the failure to conduct an evidentiary hearing would be harmless.

Gamble also argues that the district court erred by lumping his claims under rule 60.02(e) instead of making additional findings under 60.02(d) and (f). But rule 60.02 provides a list of situations where the district court "may relieve a party . . . from a final judgment" rather than a list of factors it must examine. Although Gamble alleged that he was bringing his 60.02 motion under 60.02(d), (e), and (f), the district court properly construed his imprecise arguments as best fitting under subsection (e) and its provision for relief when it "is no longer equitable that the judgment should have prospective application."

Gamble argues too that the district court erred by determining that he is barred from equitable relief because it confused the equitable-legal bar with the doctrine of comity, which he argues is inapplicable. We do not believe the district court confused its analysis, but this court has recently determined that considerations of comity are permissible in denying rule 60.02 relief for members of the *Karsjens* class. *In re Commitment of Hand*, 878 N.W.2d at 507–08. So we need not address the district court's legal-relief-bar determination.

Gamble last argues that he is being irreparably harmed and that the district court therefore erred by not addressing his injunctive motions. A primary factor in determining whether to grant a TRO or temporary injunction is the likelihood of the moving party prevailing on the merits. *Minneapolis Fed'n of Teachers Local 59 v. Minneapolis Pub. Schs., Special Sch. Dist. No. 1*, 512 N.W.2d 107, 110 (Minn. App. 1994), *review denied*

(Minn. Mar. 31, 1994). As discussed throughout this opinion, Gamble cannot succeed on the merits of his rule 60.02 motion. *See In re Commitment of Hand*, 878 N.W.2d at 509 (finding district court did not abuse its discretion by denying a TRO and temporary injunction because no relief on the merits was available). Because Gamble failed to state a viable claim for relief, we see no abuse of discretion in the district court's failure to grant his injunctive motions.

**Affirmed.**